IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
OXFORD DIVISION

JUNE HARKNESS                                                                PLAINTIFF

V.                                                          NO. 3:13-CV-00129-DMB-SAA

BAUHAUS U.S.A., INC.                                                         DEFENDANT

ORDER GRANTING IN PART
DEFENDANT'S MOTION IN LIMINE

This is an age discrimination action brought by Plaintiff June Harkness against her former employer, Defendant Bauhaus U.S.A., Inc. Doc. #1. Plaintiff alleges that Defendant wrongfully terminated her employment in violation of the Age Discrimination in Employment Act of 1967, 29 U.S.C. § 621, et seq. *Id*. Before the Court is Defendant's motion in limine. Doc. #53. Defendant seeks exclusion of: (1) "[t]estimony and/or documents regarding [Nancy] Dobbins;" (2) "[t]estimony of and/or documents regarding [Sheila] Barton and [Ernestine] Tate;" (3) evidence of "[o]ther employee terminations and/or layoffs;" and (4) a Mississippi Department of Employment Security ("MDES") Questionnaire. Doc. #54.

# I
## In Limine Standard

"The purpose of a motion in limine is to allow the trial court to rule in advance of trial on the admissibility and relevance of certain forecasted evidence." *Wechsler v. Hunt Health Sys., Ltd*, 381 F. Supp. 2d 135, 140 (S.D.N.Y. 2003) (citing *Luce v. U.S.*, 469 U.S. 38, 41 n.4 (1984)) (emphasis omitted). "Evidence should not be excluded in limine unless it is clearly inadmissible on all potential grounds." *Fair v. Allen*, No. 09-2018, 2011 WL 830291, at *1 (W.D. La. Mar. 3, 2011); *see also Hull v. Ford*, No. C-05-43, 2008 WL 178890, at *1 (S.D. Tex. Jan. 17, 2008).

## II
## Dobbins Evidence

As explained in more detail in this Court's Opinion and Order Denying Summary Judgment, Doc. #63, Dobbins, who was born on or about 1953, worked in Defendant's Customer Service Department ("Department") from approximately 2000 until March 2010, when she was terminated by Kathy Jaggers, Plaintiff's supervisor. *Id*. at 3–5. Dobbins was terminated approximately seven weeks after Sabrina Hawkins Hupper, who was born on or about 1986, started working in the Department. *Id*. at 3–5. Jaggers testified that she terminated Dobbins for "excessive tardiness and costly errors." *Id*. at 4. Dobbins, for her part, testified that her termination was not because of her age. *Id*.

Defendant argues that evidence related to Dobbins's termination is inadmissible because it is irrelevant, unduly prejudicial, improper character evidence, and is hearsay.

**A. Relevance**

Federal Rule of Evidence 402 sets forth a simple mandate that "[i]rrelevant evidence is not admissible." Rule 401, in turn, defines evidence as relevant if: "it has any tendency to make a fact more or less probable than it would be without the evidence; and … the fact is of consequence in determining the action." Plaintiff argues that the evidence relating to Dobbins is relevant because: (1) Dobbins "is another older person who was fired by … Jaggers, and replaced by a far younger employee;" (2) the circumstances of Dobbins' termination provide "circumstantial evidence that the termination had been decided long before the final write-ups;" and (3) it is "background" evidence. Doc. #58 at 3–4.

## 1. Anecdotal Evidence of Discrimination and Background Evidence[1]

It appears that Plaintiff seeks to use Dobbins' termination as evidence that Jaggers possessed a discriminatory animus when she wrote Plaintiff up and then participated in the decision to terminate Plaintiff's employment. Defendant, citing to *Goff v. Continental Oil Co.*, 678 F.2d 593, 596 (5th Cir. 1982), argues that the evidence relating to Dobbins "would not be relevant … in light of the fact Ms. Harkness has not alleged class-wide or pattern and practice discrimination." Doc. #60 at 3–4.

*Goff*, which was overruled on other grounds by *Carter v. South Central Bell*, 912 F.2d 832, 840 (5th Cir. 1990), involved an appeal from a district court's exclusion of proposed testimony from co-workers regarding alleged discrimination by an employer. *Goff*, 678 F.2d at 596. The *Goff* court noted that:

> Goff's claim was one of individualized, as opposed to classwide, discrimination. To prevail he had to show that Conoco purposefully discriminated against him. The witnesses Goff wanted to call could not testify as to Conoco's motive, intent, or purposefulness in failing to promote Goff. None of them had worked with Goff at Conoco, and none had any knowledge of Goff's experience or relationship with the company. All the witnesses could have testified to was their own individualized dealings with Conoco. *Because none had worked in Goff's department, their testimony would not have concerned the same supervisors of whom Goff complained. Because this testimony would not have related to the issue of whether Goff suffered discrimination, the court did not err in refusing to admit this testimony.*
>
> Goff also argues that in adducing evidence concerning discrimination in other departments within the company, he was attempting to establish the existence of a pattern or practice of discrimination pervading the entire company which, if proved, would have a tendency to make his claim of individualized discrimination seem more probable. Without commenting on the probative value that the existence of a pattern or practice of discrimination might have on a claim of

---

[1] With regard to "background," Plaintiff seems to argue that Jaggers' treatment of Dobbins is relevant evidence of discrimination against Plaintiff. This is indistinguishable from Plaintiff's first argument concerning relevancy – that the similarities between Dobbins and Plaintiff raise an inference of discrimination. *See generally Hahn v. Minnesota Beef Indus., Inc.*, No. Civ. 002282, 2002 WL 32658476, at *4 (D. Minn. May 29, 2002) (discussing anecdotal evidence as "background information").

> individualized discrimination, we hold that the exclusion of this testimony was not reversible error in this case.

*Id.* at 596–97 (emphasis added).

Thus, contrary to Defendant's contention, *Goff* does not hold that anecdotal evidence is per se inadmissible in individualized discrimination claims. Rather, *Goff* held that such evidence is inadmissible in individualized discrimination claims when the anecdotal evidence does not relate to the same supervisors or decision makers.[2] This is consistent with authority holding that:

> "me too" testimony … may, depending on the circumstances, be relevant to whether an employer discriminated or retaliated against a plaintiff. Such testimony is neither per se admissible nor per se inadmissible; the question whether such testimony is relevant, [i.e] sufficiently more probative than unfairly prejudicial in a particular case[,] is "fact-based and depends on many factors, including how closely related the evidence is to the plaintiff's circumstances and theory of the case." As this Court has explained, among the factors to consider are whether such past discriminatory behavior by the employer is close in time to the events at issue in the case, whether the same decision[ ]makers were involved, whether the witness and the plaintiff were treated in a similar manner, and whether the witness and the plaintiff were otherwise similarly situated.

*Nuskey v. Hochberg*, 723 F. Supp. 2d 229, 223 (D.D.C. 2010) (quoting *Sprint/United Mgmt. Co. v. Mendelsohn*, 552 U.S. 379, 388 (2008)) (internal citations omitted).

Here, while there are some similarities between the employment and terminations of Dobbins and Plaintiff, the circumstances of each differ in a crucial way – Dobbins does not believe, and Plaintiff has failed to offer any evidence that, Dobbins' termination was motivated by ageist animus. In the absence of such evidence, Dobbins' testimony, like the proffered testimony in *Goff*, cannot "relate[] to the issue of whether [Plaintiff] suffered discrimination"

---

[2] *Wyvill v. United Companies Life Ins. Co.*, 212 F.3d 296, 302 (5th Cir. 2000), which Defendant also cites, is not to the contrary. *Wyvill* involved a plaintiff's proffer of "anecdotal testimony from and about former employees in an effort to show that [employer], a company of 2700 employees, had a 'pattern or practice' of discriminating against older workers." *Id*. *Wyvill* has been held not to apply when the proposed testimony relates to similar treatment by the same supervisor. *Lewis v. Home Depot U.S.A., Inc.*, No. 07-CA-058, 2007 WL 1100422, at *2 (W.D. Tex. Apr. 10, 2007).

4

*Goff*, 678 F.2d at 596. Accordingly, evidence relating to Dobbins' employment and termination may not be used as anecdotal or "background" evidence of age discrimination.

### 2. Evidence of Jaggers' Intention to Terminate Plaintiff

In its order denying summary judgment, this Court held that the circumstances surrounding Dobbins' termination may serve as relevant evidence that Jaggers intended to terminate Plaintiff prior to some of the alleged misconduct for which Plaintiff was disciplined and fired. The Court concluded that such intention called into question the veracity of certain write-ups issued by Jaggers and, in combination with other evidence, created a genuine issue of material fact as to whether Jaggers acted with discriminatory animus when she issued Plaintiff the write-ups. Insofar as the write-ups formed the basis of Plaintiff's termination, the Court, under the cat's paw theory of liability, denied summary judgment on Defendant's motion for summary judgment. For these reasons set forth in the order denying summary judgment, the Court concludes evidence relating to Dobbins' termination as it concerns intent is relevant to this action.

### B. Prejudice

Federal Rule of Evidence 403 provides that "[t]he court may exclude relevant evidence if its probative value is substantially outweighed by a danger of one or more of the following: unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence." "[W]hat counts as the Rule 403 'probative value' of an item of evidence, as distinct from its Rule 401 'relevance', may be calculated by comparing evidentiary alternatives." *Old Chief v. U.S.*, 519 U.S. 172, 184 (1997).

Defendant argues that "[a]llowing references to and testimony from … Dobbins … would place [Defendant] in the untenable position of either having to engage in mini-trials in order to

rebut the same, thereby distracting the jury from the only issue before them – [Plaintiff's] age discrimination claim, or allowing speculation and unsubstantiated assertions as to their terminations/layoff to go unchallenged." Doc. #54 at 14.

The relevance of Dobbins' termination to the issue of Jaggers' intent to terminate Plaintiff gives the evidence ample probative value. Furthermore, in light of Dobbins' insistence that she was not terminated based upon her age, the Court sees no danger of prejudice or confusion in allowing Dobbins to testify on the narrow point that she was terminated shortly after a new employee was hired. Accordingly, Rule 403 does not preclude the admission of this testimony.

### C. Character Evidence

Defendant argues that Dobbins' testimony regarding her termination constitutes impermissible character evidence under Rule 404 of the Federal Rules of Evidence. Doc. #54 at 16. Rule 404(b)(1) provides generally that "[e]vidence of a crime, wrong, or other act is not admissible to prove a person's character in order to show that on a particular occasion the person acted in accordance with the character." However, the rule allows that "[t]his evidence may be admissible for another purpose, such as proving … intent …." Fed. R. Evid. 404(b)(2).

Here, the circumstances of Dobbins' termination will be admitted for the narrow purpose of proof on the issue of whether Jaggers, following the hire of a new employee, intended to terminate Plaintiff's employment. When framed in this narrow fashion, this evidence of intent does not run afoul of Rule 404.

### D. Hearsay

"Hearsay means a statement that: (1) the declarant does not make while testifying at the current trial or hearing; (2) a party offers in evidence to prove the truth of the matter asserted in

6

the statement." Fed. R. Evid. 801(c). Hearsay is inadmissible unless allowed under a federal statute, the Federal Rules of Evidence, or "other rules prescribed by the Supreme Court." Fed. R. Evid. 802. Defendant has not specified, and this Court does not see, how Dobbins' testimony relating to the circumstances of her termination violates the rule against hearsay.

### E. Summary

The motion in limine regarding Dobbins will be denied to the extent Plaintiff seeks to introduce evidence that Dobbins was terminated shortly after a new employee was hired. The motion will be granted in all other respects.

## III
## Barton and Tate Evidence

In its motion, Defendant seeks to exclude evidence relating to Barton's and Tate's: (1) employments; (2) termination; and (3) opinions on Plaintiff's job performance. Doc. #54 at 7–11. Plaintiff's response in opposition addressed only the opinions on her job performance. Doc. #58 at 4–6.

### A. Employments and Terminations

Plaintiff has not offered any argument which would justify, under the holding of *Goff*, allowing Barton or Tate to testify about their employments or terminations. In the absence of such argument, the Court will grant the motion in limine as it relates to this evidence.

### B. Opinions on Plaintiff's Job Performance

Defendant argues that the opinions of Plaintiff's job performance are irrelevant or lack sufficient probative value for introduction at trial. Doc. #54 at 8. Plaintiff responds "[t]his evidence is probative about Plaintiff['s] work performance, which is at issue in this case." Doc. #58 at 6.

As support for its motion in limine, Defendant cites to *Johnson v. General Board of Pension and Health Benefits of the United Methodist Church*, in which a district court declined to grant a new trial based on a contention "that the Court erroneously excluded exhibits containing employees and customers' comments" because such evidence was "properly excluded as irrelevant." Nos. 02-c-5221 & 04-c-6158, 2012 WL 638731, at *7 (N.D. Ill. Feb. 23, 2012) (internal quotation marks omitted). The Court's independent research has revealed a relatively even split on the admission of job performance testimony in employment discrimination cases to rebut an employer's stated reason for an adverse employment action. *Compare Williams v. URS Corp.*, No. 02-cv-1458, 2006 WL 5953007, at *3 (W.D. Pa. Feb. 16, 2006) ("The Court finds and rules that such anticipated testimony may be admissible with proper foundation in rebuttal to Defendants' evidence as to its legitimate, non-discriminatory reasons for Plaintiff's termination.") *and Figgins v. Advance Am. Cash Advance Ctrs. of Michigan, Inc.*, 482 F. Supp. 2d 861, 866-67 (E.D. Mich. 2007) (finding testimony "that the plaintiff's … numbers were good, and that the plaintiff won several employment-related awards" to be relevant "because the defendants claim that the plaintiff was terminated in part due to job performance") *with Dryanski v. Sloan Valve Co.*, No. 84-c-1396, 1986 WL 6951, at *2 (N.D. Ill. June 11, 1986) ("The issue here is whether Dryanski's employer, not his fellow employees, thought Dryanski was performing his job in a satisfactory manner. That Dryanski's co-workers thought he was doing a good job is not probative of the opinion held by Dryanski's superiors.") *and Merritt v. FirstEnergy Corp.*, No. 1:05-cv-00586, 2008 WL 89603, at *1 (N.D. Ohio Jan. 7, 2008) (motion in limine granted because "[i]t is the perception of the decision maker which is relevant, and not that of co-workers" (internal quotation marks omitted)).

Nevertheless, even if co-worker opinion testimony could be used to rebut Defendant's proffered legitimate nondiscriminatory reason, exclusion of Barton's and Tate's testimony would still be appropriate. Defendant contends that Plaintiff was terminated for a series of write-ups related to specific incidents and for Plaintiff's responses to the write-ups. Barton's and Tate's opinions regarding Plaintiff's general work performance and attitude have no bearing on whether Plaintiff committed the specific infractions underlying the write-ups or whether Plaintiff reacted inappropriately when the write-ups were discussed. Under these circumstances, exclusion of Barton's and Tate's opinions on Plaintiff's work quality and attitude is appropriate. *See Hamza v. Saks Fifth Ave., Inc.*, No. 07-civ-5974, 2011 WL 6187078, at *9 (S.D.N.Y. Dec. 5, 2011) (excluding opinion testimony because "a single coworker's positive opinion about [plaintiff's work performance did not] serve to rebut the defendant's position that management at Saks Greenwich received complaints from other coworkers, customers and vendors about her").

IV
**Evidence Relating to Unspecified Employees**

Defendant argues that "potential testimony and/or documents regarding the termination or layoff of other employees do not make a fact material to [Plaintiff's] age discrimination claim more or less probable and are of no consequence to [Plaintiff's] age discrimination claim." Doc. #54 at 11. As explained above, the admissibility of the treatment of co-workers is a fact-intensive inquiry centered on the treatment of each individual co-worker.

"Evidentiary rulings, especially those addressing broad classes of evidence, should often be deferred until trial so that questions of foundation, relevancy and potential prejudice can be resolved in proper context." *Looney Ricks Kiss Architects, Inc. v. Bryan*, No. 07-572, 2010 WL 5174440 at *1 (W.D. La. Dec. 15, 2010) (collecting authorities). Given the factual analysis necessary to determine the admissibility of anecdotal evidence, the Court deems it prudent to

deny the motion in limine to the extent it seeks to exclude the terminations and layoffs of all Defendant's employees. At trial, the Court will address the relevance of this type of evidence on a case-by-case basis.

## V
## MDES Questionnaire

In her response brief, Plaintiff states that she "will not attempt to introduce the MDES Questionnaire." Doc. #58 at 8. Accordingly, the motion in limine will be denied as moot in this regard.

## VI
## Conclusion

For the reasons above, the motion in limine [53] is **GRANTED in Part and DENIED in Part**. The motion is **DENIED** to the extent it seeks exclusion of: (1) evidence relating to the fact that Dobbins was terminated shortly after a new employee was hired; (2) unspecified evidence of terminations of Defendant's employees; and (3) the MDES Questionnaire. The motion is **GRANTED** in all other respects.

SO ORDERED, this 13th day of February, 2015.

/s/ Debra M. Brown
**UNITED STATES DISTRICT JUDGE**